25 P.3d 850

STATE of Idaho, Plaintiff–Appellant–
Cross Respondent,

v.

Dale Lee HART, Defendant–Respondent–
Cross Appellant.

No. 26119.

Supreme Court of Idaho.

May 31, 2001.

Hon. Alan G. Lance, Attorney General, Boise, for appellant. Karen Hudelson, Deputy Attorney General, argued.

Wm. J. Brauner, P.A., Caldwell, for respondent. Timothy W. Spencer argued.

TROUT, Chief Justice.

This is an appeal from an order of the district court granting Dale Lee Hart's ("Hart") motion to dismiss the criminal charge of felony domestic violence. Hart cross-appeals claiming the felony domestic violence statute is unconstitutionally vague and violates equal protection.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Hart lived in Nampa with his wife, Lorraine. On June 4, 1999, after the couple returned home from a birthday party where Hart had consumed a few beers, Hart became upset and an argument ensued. Lorraine threw a telephone book at Hart and Hart hit Lorraine with his fist several times on the left side of her face. He then pulled her off the floor and put her over the back of a chair where he hit her on the back with a telephone. He also grabbed her neck and pushed up so that she could not breathe. As a result of the beating, Lorraine suffered bruising on her back, chest, and left side of her face, but did not suffer any cuts or broken bones.

Hart was charged by information with felony domestic battery. He moved to dismiss the charge against him, asserting that I.C. § 18–918(3), the felony domestic violence statute, is unconstitutional. The district judge determined that in order to keep the statute from being void for vagueness, he would have to narrow the definition of "traumatic injury" contained in the statute. Applying the principle of *ejusdem generis* to the statutory definition, the district judge found that the bruising suffered by Hart's wife was not covered by the statute. The district judge, therefore, granted the motion to dismiss. The state appealed and Hart cross-appealed.

## II.

### STANDARD OF REVIEW

 The meaning and effect of a statute is a question of law over which this Court exercises free review. *See J.R. Simplot Co. v. Western Heritage Ins. Co.*, 132 Idaho 582, 584, 977 P.2d 196 (1999); *Thomas v. Worthington*, 132 Idaho 825, 828, 979 P.2d 1183 (1999). Where the language of the statute is clear and unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *See City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 667, 851 P.2d 961 (1993). The words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *See Hoskins v. Howard*, 132 Idaho 311, 315, 971 P.2d 1135 (1998).

 The constitutionality of a statute is a question of law which this Court reviews *de novo*. *See State v. Cobb*, 132 Idaho 195, 969 P.2d 244, 245 (1998); *State v. Hansen*, 125 Idaho 927, 930, 877 P.2d 898, 901 (1994). The party challenging the constitutionality of a statute must overcome a strong presumption of validity. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. A statute should not be held void for vagueness if any practical interpretation can be given it. *Id.; City of Lewiston*, 78 Idaho 347, 303 P.2d 680 (1956).

## III.

### DISCUSSION

**A. Idaho Code § 18–918 is not void for vagueness.**

Hart argues that I.C. § 19–918 is void for vagueness because the term "traumatic injury" does not provide adequate notice concerning the conduct proscribed and invites arbitrary and discriminatory enforcement. Subsequent to the submission of this case for our consideration we issued our decision in *State v. Hellickson*, 135 Idaho 742, 24 P.3d 59 (2001) *available at* http://www2.state.id.us/judicial/opinions/hellick.pdf. Based on the decision in that case, we need not address the vagueness issue further here.

**B. Idaho Code § 18–918(3) does not violate the equal protection clauses of the United States and Idaho constitutions.**

 Hart argues that I.C. § 18–918(3) violates equal protection because a household

member who commits a battery can be charged with a felony under circumstances where a non-household member could only be charged with misdemeanor battery. Equal protection claims require a three-step analysis: the reviewing court must first, identify the classification under attack; second, determine the standard under which the classification will be reviewed; and third, determine whether the standard has been satisfied. *State v. Mowrey,* 134 Idaho 751, 754, 9 P.3d 1217, 1220 (2000) (citing *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 395, 987 P.2d 300, 307 (1999)).

Idaho Code § 18–918(3) makes it a felony for one household member to willfully inflict a traumatic injury upon another household member. At the time of Hart's actions, Idaho Code § 18–918(1) defined the term household member as "a person who is a spouse, former spouse, or a person who has a child in common regardless of whether they have been married or a person with whom a person is cohabiting, whether or not they have married or have held themselves out to be husband or wife." In other words, the statute creates a class of persons who commit battery and are now, or were in the past, in a domestic relationship with the victim, whether by marriage, cohabitation, or parenthood.

■ The standard of review is determined by applying the framework outlined by this Court in *Mowrey,* 134 Idaho 751, 9 P.3d 1217.

> When considering the Fourteenth Amendment, strict scrutiny applies to fundamental rights and suspect classes; intermediate scrutiny applies to classifications involving gender and illegitimacy; and rational basis scrutiny applies to all other challenges. For analyses made under the Idaho Constitution, slightly different levels of scrutiny apply. Strict scrutiny, as under federal law, applies to fundamental rights and suspect classes. Means-focus scrutiny, unlike federal intermediate scrutiny, is employed "where the discriminatory character of a challenged statutory classification is apparent on its face and where there is also a patent indication of lack of relationship between the classification and the declared purpose of the statute." Rational basis scrutiny applies to all other challenges. *Id.* at 754–55, 9 P.3d at 1220–21 (citations omitted).

■ Because household members are not a suspect class, the statutory scheme does not restrict a fundamental right, or involve gender or illegitimacy, strict scrutiny and intermediate scrutiny do not apply. Thus, the claim under the United States Constitution is appropriately analyzed by applying the rational basis test.

■ The claim under the Idaho Constitution is also properly analyzed under the rational basis test. Although the Act establishes a classification, the classification must be "obviously invidiously discriminatory" before the means—focus test will be used. *Coghlan,* 133 Idaho at 396, 987 P.2d at 308 (quoting *State v. Beam,* 115 Idaho 208, 212, 766 P.2d 678, 682 (1988)). Otherwise, every legislative classification would require a means—focus analysis—eclipsing the rational basis test. *Beam,* 115 Idaho at 212, 766 P.2d at 682. In order for a classification to be considered obviously invidiously discriminatory, "it must distinguish between individuals or groups either odiously or on some other basis calculated to excite animosity or ill will." *Coghlan,* 133 Idaho at 396, 987 P.2d at 308, (quoting *Beam,* 115 Idaho at 212, 766 P.2d at 682). Idaho Code § 18–918 does not obviously and invidiously discriminate and is, therefore, subject to rational basis review under Idaho's equal protection clause.

■ A classification will survive rational basis review if the classification is rationally related to a legitimate legislative purpose. *Coghlan,* 133 Idaho at 396, 987 P.2d at 308. The domestic relationship is a unique relationship. Even when the parties no longer share the relationship the law may impose obligations, such as alimony, child support, or child custody arrangements, which require the parties to continue to interact and to do so on a highly emotional level. Because of the nature of the relationship there is an increased opportunity for violence to occur and continue. The decision of the legislature to extend additional protection to household members is rationally relat-

ed to the state's interest in preventing violence between those involved in some type of domestic relationship. Thus, we hold that I.C. § 18–918(3) does not violate equal protection.

## C. The district judge erred in ruling the term "traumatic injury" as defined by I.C. § 18–918(2) does not include the bruising sustained by Hart's wife.

■■■ At the time Hart was charged, the felony domestic violence statute required that the offender be a "household member who willfully inflicts a traumatic injury upon any other household member." I.C. § 18–918(3) *amended by* 2000 S.L. ch. 358, § 1, p. 1193. The term traumatic injury is defined in I.C. § 18–918(2) as, "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force." The district judge, applying the rule of *ejusdem generis,* narrowed the definition of traumatic injury to exclude bruising.

One of the maxims of statutory construction is the rule which holds that "where general words of a statute follow an enumeration of persons or things, such general words will be construed as meaning persons or things of like or similar class or character to those specifically enumerated, usually designated the *ejusdem generis* rule." *Pepple v. Headrick,* 64 Idaho 132, 128 P.2d 575 [757] (1942); *In Re Winton Lumber Co.,* 57 Idaho 131, 63 P.2d 664 (1936). Under this rule, the word "wound" in the phrase "wound or other injury" serves to limit the meaning of the word "injury" to injuries which are the same or similar as "wound".... As used in the statute, the word "injury" is limited by the word "wound" and requires proof of an injury which consists of the breaking of the skin or internal body parts.

The district judge erred in applying the principle of *ejusdem generis.*

■■■ In order for *ejusdem generis* to apply, there must be an enumeration or list of specific items followed by general words. *Pepple v. Headrick,* 64 Idaho 132, 141, 128 P.2d 757 (1942) (citing *In re Winton Lumber Co.,* 57 Idaho 131, 135, 63 P.2d 664 (1936)).

The single term wound does not constitute an enumeration or list and the general words "or other injury" used by the district judge, do not exist in the statute. The enumerated words must also suggest a class that is not exhausted by the enumeration. 82 C.J.S. *Statutes* § 330, at 433. A class defined by a single word, such as wound, is exhaustive by its nature.

■■■ Even if the doctrine had applied, the doctrine of *ejusdum generis* is just one rule of statutory construction. "The rule *ejusdem generis* must be considered in connection with the rule of construction that effect must be given to all the words of the statute if possible, so that none will be void, superfluous or redundant." *In re Winton Lumber Co.,* 57 Idaho at 136, 63 P.2d at 666. Here, the district judge defined wound as meaning "an injury to the body in which the skin or other tissue is broken." The judge then narrowed "other injuries" to only cover bodily conditions "which consist of the breaking of the skin or internal body parts." Under that definition, every other injury is already covered by the term wound, making "other injuries" superfluous. The error is even more apparent when considering the actual wording of the statute. The statute, which is written in the disjunctive, refers to wounds or external injuries or internal injuries. If wound is interpreted as referring to the breaking of the skin and internal injuries to the breaking of sub-dermal tissues, the term external injuries must still be given meaning. Any conditions relating to the cutting, tearing, or piercing of the skin are already covered by the term wound. Thus, external injury must refer to conditions other than those involving the breaking of the skin. One of the most common forms of injury that does not involve a breaking of the skin is a bruise.

■■■ Finally, *ejusdem generis* is merely a rule of statutory construction and does not justify a court in "confining the operation of a statute within narrower limits than intended by the legislature." *Willard v. First Security Bank of Idaho,* 69 Idaho 265, 268, 206 P.2d 770, 773 (1949) (quoting *Pepple,* 64 Idaho at 141, 128 P.2d at 761); *see also Alegria*

*v. Idaho First Nat. Bank,* 111 Idaho 314, 316, 723 P.2d 858, 860 (1986) (considering the purpose of the legislation rather than using *ejusdem generis* to determine the meaning of the term "other officers" as used in 12 U.S.C. § 24 (1982)); *In re Winton Lumber Co.,* 57 Idaho at 135–36, 63 P.2d at 668 ("the rule can be used only as an aid in ascertaining the legislative intent, and not for the purpose of controlling the intention or of confining the operation of a statute within narrower limits than was intended by the lawmakers"). The term being defined in I.C. § 18–918(2) is "traumatic injury". Removing descriptive clauses from the statutory language reveals the general definition of "a condition of the body caused by physical force." One phrase adds that it does not matter whether the condition created is minor or serious. The other phrase provides examples of conditions of the body. By prefacing the list with the words "such as," the legislature clearly meant the list to be non-exclusive. The district judge, however, treated the list as exclusive and, therefore, impermissibly narrowed the application of the statute.

## IV.

### CONCLUSION

Idaho Code § 18–918 is neither vague nor does it violate equal protection. The district judge erred in narrowing the meaning of traumatic injury to exclude bruising. Therefore, we reverse the district judge's order dismissing the complaint and remand the case for further proceedings.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.