138 P.3d 308

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ernest Wayne MERCER, III, Defendant–Appellant.**

No. 32430.

Supreme Court of Idaho, Boise, January 2006 Term.

March 20, 2006.

Rehearing Denied May 22, 2006.

Molly J. Huskey, State Appellate Public Defender, Boise, for Appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for Respondent. Jessica M. Lorello argued.

TROUT, Justice.

On Petition for Review, Ernest Wayne Mercer appeals from a district court decision denying his motion for acquittal pursuant to Idaho Criminal Rule 29(a).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Mercer was arrested and charged with aggravated battery. Sara Buckley, Mercer's niece, witnessed the battery. While Mercer was in custody on the battery charge, he called Buckley and threatened her and her family's safety and attempted to dissuade her from testifying against him. Based on the statements made in the call, the State charged Mercer with intimidating a witness in a criminal proceeding under Idaho Code § 18–2604(3). The case went to a jury trial and after the State rested, Mercer moved for an acquittal pursuant to I.C.R. 29(a). Mercer argued the State failed to present any

evidence that his threats had the actual effect of preventing Buckley from testifying fully, freely and truthfully, as Buckley ultimately testified against Mercer on the battery charge. The district court denied the motion, ruling that I.C. § 18–2604(3) did not require the State to prove Mercer's threats affected the witness' testimony. The matter was submitted to the jury and Mercer was found guilty of intimidating a witness.

Mercer appealed the denial of his motion for acquittal and his case was assigned to the Court of Appeals. The Court of Appeals affirmed his conviction, holding that under the plain language of I.C. § 18–2604(3), a failed attempt to influence a witness is, in fact, a violation of the statute. Mercer then filed a Petition for Review, which was granted by this Court. Two other issues were raised on appeal, including whether the jury was properly instructed on a lesser included offense and whether Mercer's sentence was improper because certain facts were not found by the jury or admitted by Mercer. While the Order on Review stated that this Court would consider all issues, the parties have only raised and argued the first issue, whether the district court erred in denying Mercer's motion for acquittal. In this circumstance, the opinion of the Court of Appeals remains in effect with respect to the other two issues raised on appeal, which we do not address.

## II.

### STANDARD OF REVIEW

In reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt. *State v. Grube*, 126 Idaho 377, 386, 883 P.2d 1069, 1078 (1994). "The determination of the meaning of a statute and its application is a matter of law over which this [C]ourt exercises free review." *Woodburn v. Manco Prods., Inc.*, 137 Idaho 502, 504, 50 P.3d 997, 999 (2002).

## III.

### ANALYSIS

"Where the language of the statute is clear and unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). "In construing statutes, the plain, obvious and rational meaning is always to be preferred to any curious, narrow hidden sense." *Higginson v. Westergard*, 100 Idaho 687, 691, 604 P.2d 51, 55 (1979). In determining the ordinary meaning of a statute "effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant." *In re Winton Lumber Company*, 57 Idaho 131, 136, 63 P.2d 664, 666 (1936).

Idaho Code § 18–2604(3) provides:

Any person who, by direct or indirect force, or by any threats to person or property, or by any manner willfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness, including a child witness, or any person who may be called as a witness *or any person he believes may be called as a witness* in any criminal proceeding or juvenile evidentiary hearing from testifying freely, fully and truthfully in that criminal proceeding or juvenile evidentiary hearing is guilty of a felony.

(emphasis added).

Mercer argues that a violation of I.C. § 18–2604(3) requires the State to prove a defendant's words or actions, in actuality, "precluded" a witness "from testifying freely, fully and truthfully." He argues that the statute does not cover a failed attempt to alter or prevent the witness' testimony. Mercer's argument, however, disregards the plain language of Idaho Code § 18–2604(3), which does not require a defendant to actually prevent a potential witness from properly testifying.

First, the language in the statute creates a purposeful distinction between a person who *"may* be called" as a witness and a person the defendant *"believes may* be called" as a

**110**

witness. Under the statute, a person the defendant *"believes may* be called" as a witness refers to someone who may not actually be called; otherwise, this category of witness would be interchangeable with any person who *"may* be called" to testify. The fact the statute criminalizes intimidation directed at a person neither party intended to call as a witness, but rather, who the defendant simply believes may be called, belies the argument that the State must prove a defendant's threats had an actual effect on the victim's testimony.

Mercer relies heavily on the 1993 amendment to I.C. § 18–2604(3) that specifically removed the "attempt" language from the statute, to support his argument that the statute requires an actual effect on the witness' testimony. The 1993 amendment modified I.C. § 18–2604(3) as follows:

> Any person, who by direct or indirect force, or by any threats to person or property, or by any manner willfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, ~~or attempts to intimidate, influence, impede, deter, threaten, harass, obstruct or prevent~~ a witness or any person ~~he believes has been or~~ *who* may be called as a witness *or any person he believes may be called as a witness* in any criminal proceeding from testifying freely, fully, and truthfully in that criminal proceedings is guilty of a felony.

I.C. § 18–2604(3) (1993).

The attempt language, however, simply became unnecessary when the legislature added a new category of potential victims, i.e., any person the defendant "believes may be called" as a witness, but who is not actually called. This additional language supports our view that it is unnecessary for the defendant's threats to have an actual effect on the witness' testimony.

Secondly, it is the defendant's actions combined with an intent to intimidate a witness in a criminal proceeding, *not* the effect on the witness, that constitutes the crime. Mercer focuses on the phrase "from testifying freely, fully and truthfully" to support his argument that the State must prove his actions had an impact on the witness' testimony. Reading

the statutory provision in its entirety, however, it is clear this clause simply refers to the defendant's state of mind. The defendant must act with the intent of intimidating a witness "from testifying freely, fully and truthfully," in a criminal proceeding. There is no requirement that the defendant is ultimately successful in his efforts.

Finally, under Mercer's reading of the statute, in order to prosecute a defendant, the victim witness would have to first commit perjury, or otherwise not testify freely, fully or truthfully and *then* admit to it, or the State would have to somehow prove that its own witness, in essence, lied on the stand. It is illogical to read the statute to include such a requirement.

## IV.

## CONCLUSION

We affirm the district court's denial of Mercer's motion for acquittal under I.C.R. 29(a).

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.