# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42420

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 36 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JACOB TAYLOR RAINIER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction for possession of marijuana with intent to deliver, affirmed.

John M. Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Jacob Taylor Rainier appeals from a jury verdict finding him guilty of possession of marijuana with the intent to deliver. Specifically, he contends the district court erred by denying his pretrial motion to dismiss on the basis that marijuana cannot be classified as a schedule I controlled substance and his motion to suppress on the basis that he was not lawfully stopped. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

An officer pulled Rainier over after determining he had violated Idaho Code § 49-644 by turning left into a far right lane. During a subsequent search of the vehicle, the officer found marijuana and Rainier was charged with possession of marijuana with the intent to deliver. I.C. § 37-2732(a)(1)(B).

1

Rainier filed a motion to dismiss the possession charge, contending that marijuana should no longer be characterized as a schedule I controlled substance under I.C. § 37-2705, and therefore he could not be charged under section 37-2732(a)(1)(B). The district court denied the motion.

Rainier also filed a motion to suppress, contending the officer lacked reasonable, articulable suspicion to execute the traffic stop because section 49-644 does not prohibit turning left into a far right lane. The district court denied the motion, determining the statute "does say you're supposed to turn into the left-hand lane."

The matter proceeded to trial, where a jury found Rainier guilty of possession with the intent to deliver. Rainier appeals from his judgment of conviction; specifically, he appeals from the denials of his motion to dismiss and motion to suppress.

## II.

## ANALYSIS

### A.     Motion to Dismiss

Rainier contends the district court erred by denying his motion to dismiss on the basis that, although marijuana is classified as a schedule I controlled substance by Idaho statute, since the time it was classified marijuana has "failed to meet the requirements for that scheduling," and thus "courts may no longer allow defendants to be found guilty under I.C. § 37-2732(a)(1)(B) for possessing marijuana with intent to deliver."[1]  Specifically, he contends that the continued classification of marijuana as a schedule I controlled substance "butts up against the constitutional prohibition on irrational law."

Rainier's contention that marijuana's classification as a schedule I controlled substance is inaccurate is premised on I.C. § 37-2704 which provides:

---

[1]     Idaho Code § 37-2732(a)(1)(B) provides:

Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver, or possess with intent to manufacture or deliver a controlled substance.
    (1) Any person who violates this subsection with respect to:
        . . . .
        (B) Any other controlled substance which is a nonnarcotic drug classified in schedule I, or a controlled substance classified in schedule III, is guilty of a felony and upon conviction may be imprisoned for not more than five (5) years, fined not more than fifteen thousand dollars ($15,000), or both.

**Schedule I tests.** -- The board shall place a substance in schedule I if it finds that the substance:

      (a) Has high potential for abuse; and

      (b) Has no accepted medical use in treatment in the United States or lacks accepted safety for use in treatment under medical supervision.

Thus, Rainier contends, by being classified as a schedule I controlled substance, pursuant to section 37-2704, marijuana is automatically classified as "highly addictive *and* having no medicinal properties accepted in the United States *or* as too dangerous for use in treatment under medical supervision." He contends that such a classification is untenable given the current state of science and law in regard to marijuana in this country. He first lists the states in which cannabis is currently accepted for medical use and argues it cannot therefore be said that marijuana "has no accepted medical use in the United States." As to the alternative requirement of section 37-2704(b), he contends "the current classification would need rest upon the absurd notion that the combined populations of these states, some 140 million people (not to mention the populations of other nations where cannabis is available for medicinal and recreational purposes), are being subjected to something that the legislature or the board of pharmacy can legitimately call a treatment too dangerous to be used even under medical supervision." Because marijuana does not meet these conditions, Idaho's Uniform Controlled Substances Act has therefore, Rainier surmises, become "absurd" as it applies to cannabis.

We are unconvinced that Rainier has raised a valid constitutional claim under either Article 1, Section 13 of the Idaho Constitution or the Fourteenth Amendment to the United States Constitution. Rainier correctly identifies the proper standard of review for a due process claim under these circumstances as the rational basis test. However, he construes the test to create a "constitutional prohibition on irrational law." This is not what the rational basis test does. In order to survive the rational basis test under either the Idaho Constitution or the Fourteenth Amendment, a statute must be rationally related to the furtherance of a legitimate government purpose. *State v. Hart*, 135 Idaho 827, 830, 25 P.3d 850, 853 (2001). The issue then is not whether the classification of marijuana as a schedule I drug under section 37-2705 is irrational and thus unenforceable, but rather whether the legislature had a rational basis related to a legitimate government purpose for deciding to so list it. "Courts applying rational basis review do not judge the wisdom or fairness of the challenged legislation." *State v. Doe*, 155 Idaho 99, 104, 305 P.3d 543, 548 (Ct. App. 2013). Thus, since this Court sees a rational relationship

between the listing of marijuana as a schedule I drug and a legitimate government purpose, Rainier's due process claim fails.

Rainier's point that the legal landscape in regard to marijuana is changing in much of the country is indisputable. This fact, however, does not give this Court carte blanche to reclassify or ignore marijuana within Idaho's statutory scheme. This is a cause better directed to the board referenced in the Uniform Controlled Substances Act (which pursuant to section 37-2702 may consider rescheduling a substance according to enumerated considerations) and/or our legislature. Thus, the district court did not err by denying Rainier's motion to dismiss in this regard.

**B.    Motion to Suppress**

In his motion to suppress, Rainier contended the officer effected the traffic stop without reasonable and articulable suspicion of a traffic violation. Specifically, he argues that he did not violate the applicable statute, I.C. § 49-644(2), as asserted by the officer.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An

4

officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In relevant part, I.C. § 49-644(2) provides:

> The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. Whenever practicable the left turn shall be made to the left of the center of the intersection and so as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction on the highway being entered.

At the suppression hearing, the officer testified that he observed Rainier make a "very wide, unsafe left-hand turn" into the far right-hand lane, instead of into the closest left lane available. The officer indicated he believed it was unsafe because Rainier's vehicle could have collided with a vehicle turning right into the same right-hand lane and that it constituted a violation of a statute disallowing such a turn. The State agreed, arguing the statute prohibited turning from the left-hand lane *into* the far-right lane. Rainier argued this was a tortured reading of the statute, contending it should be read to require that drivers are "not obstructing [and] leaving the intersection locations in the extreme left-hand lane available to traffic that's moving in the same direction on the highway being entered." "In other words," Rainier continued, "if you're going to make a left-hand turn, you need to be aware of oncoming traffic and not obstruct cars that are coming down the street by essentially [turning] out in front of them." The district court determined that although the statute "may not be a model of clarity," its plain language requires that a left-hand turn be made into the left-hand lane of travel.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has

the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

On appeal, Rainier appears to argue the statute is ambiguous and urges this Court to consider the overall purpose of traffic laws: safety. He insists that his interpretation of the statute, "requiring drivers not to pull into an intersection or in some way block traffic driving in the direction they would like to go," promotes safety while the State's and the district court's interpretations, which "require people to turn left into the fast lane," do not.

Although we seriously question Rainier's assertion that requiring a driver turning left to turn into the far right lane is inherently safer (as the officer pointed out at trial this could bring the driver in collision with a driver turning right), we need not reach that issue because we agree with the district court that the plain language of the statute contravenes Rainier's interpretation. Specifically, the statute requires that "whenever practicable": (1) "the left turn shall be made to the left of the center of the intersection" (likely in an effort to leave the balance of the intersection open for vehicles turning right from the opposite direction) *and* (2) "so as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction on the highway being entered." I.C. § 49-644(2). The second requirement may more clearly be expressed: "so as to [*exit*] the intersection or other location [*via*] the extreme left-hand lane lawfully available to traffic moving in the same direction on the highway being entered." That it could more clearly be expressed, however, does not render it ambiguous. The plain language of the statute, we determine, directs that a driver turn *from* the extreme left-hand lane *to* the extreme left-hand lane when practicable. Accordingly, the officer had reasonable, articulable suspicion pursuant to the statute that Rainier committed a traffic violation, and the district court did not err by denying Rainier's motion to suppress on this ground.

## III.

## CONCLUSION

The district court did not err by denying Rainier's motion to dismiss the charge on the basis that marijuana cannot be classified as a schedule I controlled substance because Rainier has provided no viable legal basis for this contention. The district court also did not err by denying Rainier's motion to suppress because the officer had reasonable articulable suspicion that Rainier made a left turn in contravention of I.C. § 49-644(2). Rainier's judgment of conviction for possession of marijuana with the intent to deliver is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.