[Crim. No. 481. First Appellate District.—May 27, 1914.]

## THE PEOPLE, Respondent, v. ROSE MARKS, Appellant.

CRIMINAL LAW—PANDERING—ATTEMPT TO COMMIT—ADMISSIBILITY AND SUFFICIENCY OF EVIDENCE.—In this prosecution of the keeper of a house of prostitution for attempting to commit the crime of pandering by aiding another person in procuring the prosecuting witness as an inmate of the house, the evidence offered by the prosecution was admissible and sufficient to support a verdict of conviction, although the prosecuting witness, when placed in the house, remained there only a few hours, and while there refused to engage in sexual intercourse.

ID.—ATTEMPT TO COMMIT PANDERING—WHETHER CONVICTION SUSTAINABLE.—Such verdict is not open to attack on the theory that there is no such crime under the statutes as an attempt to commit pandering; and that if there is such a crime, provision is made by law for its punishment as a substantive offense, not as an attempt.

ID.—ATTEMPT TO COMMIT CRIME—INTERPRETATION OF SECTION 664 OF PENAL CODE.—The provision of section 664 of the Penal Code that "every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts," applies exclusively and must be confined to "attempts" designated by the statute as such, and does not refer generally to acts done in the attempt to commit one crime which, if done without relation to the offense, might be separately punished.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

James R. Kelly, and Herbert Choynski, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with procuring for one Camille Meining a place as an inmate of a house of prostitution, one of the offenses designated by section 1 of the act of February 8, 1911 (Stats. 1911, p. 9) as pandering. She was tried for such offense upon the theory that she aided and abetted one Samuel Grubb in its commission. The jury found her "guilty of the crime of an attempt to commit the crime of pandering." From the judgment of imprisonment in the state prison for a period of two years she has appealed, as also from an order denying her motion for a new trial.

The points relied upon for a reversal of the judgment and order are: errors of the trial court in the admission of evidence; that the evidence is not sufficient to support the verdict, and that there can be no such thing as an attempt to commit pandering, of which the defendant was found guilty.

On the first point it is sufficient to say that the specific evidence pointed out in appellant's brief, the admission of which is claimed to be error, was received without objection. The statement of appellant's counsel that "objection was made to the entire line of testimony dealing with statements made by Sam Grubb in Los Angeles and conversations had with him there, upon the ground that the same is incompetent, irrelevant, immaterial, hearsay," is not borne out by the record. This objection was made to the specific question, "What did he say, if anything, with respect to the business you were to go into with Rose Marks?" This question was permitted to be answered; and the answer, so far from being prejudicial to the defendant, tended rather to exculpate her from the offense charged. We hardly think counsel is

serious in urging this contention, and that it should be classed with another statement in his brief to the effect that "We also assign as error the admission of each and every part of the evidence introduced at the trial."

The next contention of appellant is that the evidence is insufficient to support the judgment, or, as the matter is put by counsel, there is no evidence to support a judgment of conviction.

The evidence shows that Camille Meining, the prosecuting witness, a woman almost blind, was residing in a rooming house in Los Angeles, and there met one Samuel Grubb. They became friendly owing to little acts of kindness renreded by Grubb to her, necessitated by her defective vision. Desiring for the benefit of her health and other reasons to leave Los Angeles, and having been informed that the climate of San Francisco was more salubrious, she mentioned the matter to Grubb, who then told her that he had a friend in San Francisco and would write to her, suggesting that Camille Meining go and stay with her. He stated that this friend was a keeper of houses of prostitution, but had a nice room in a flat where she herself lived. As the matter was talked over it developed that Camille was expecting to receive a sum of money, and expressed the desire to go into business with this friend. Grubb thereupon undertook to write to Rose Marks (the defendant and the friend in question) proposing the matter to her; and a few days afterwards came to Camille and said: "I got an answer from the old girl, and she tells me to send the girl at once." The prosecuting witness stated, when testifying to this matter, that Grubb "swept the telegram across my face and says, 'Here is your answer: Send girl at once. Everything is O. K.' and that the telegram was signed 'Rose Marks.'" The language of this telegram seems to have created some suspicion in her mind as to the precise nature of Grubb's communication to his San Francisco friend, and she then said to Grubb, "I would rather she write. I don't believe you wrote her so she understood exactly." Grubb then wrote a letter, to which he received an answer from Rose Marks; also a telegram, the latter reading, "Send party," and the letter urging haste. Camille then agreed to go to Rose Marks; accordingly she came to San Francisco, being met by

her at the railroad depot, and escorted by her to a house of prostitution at 620 Jackson Street. Arriving there Rose Marks took off Camille's veil and coat, conducted her to a bedroom, set her suitcase and things on the bed, and said, "Now here, this will be your room." The house was crowded with male visitors, some of whom approached the prosecuting witness with the proposal that they engage in sexual intercourse, offering her money, all of which offers she declined, and requested to be taken from the house. There was testimony of other witnesses that No. 620 Jackson Street was conducted by Rose Marks as a house of prostitution. The defendant offered herself as a witness, and referring to Camille, said "She told me she was staying in a hotel there (Los Angeles), and of course she did not exactly come out and tell me what she was doing, but I understood she was there just as well as anybody else; they make money in any hotel." When arrested she stated to the officer: "I received a letter from Mr. Grubb saying he had a girl, and asked me if I needed another in 620 Jackson Street. I answered by letter and told him I did. After getting her I took her to 620 Jackson Street that night." The defendant took the witness stand, and testified that she was acquainted with Grubb, had known him for two years and a half; had met him a number of times in her house of prostitution; that she had never asked him to interest himself in getting a partner for her, and did not know where he got the idea that she wanted one.

We think the evidence, of which the foregoing covers the salient points, justified the jury in bringing in its verdict of an attempt to commit the crime charged.

Finally, the defendant contends that the verdict is invalid, for the reason that there is no such crime under our statutes as an attempt to commit pandering; and that if there be such a crime, provision is made by law for its punishment as a substantive offense and not as an attempt.

In support of this position defendant cites section 664 of the Penal Code. That section reads as follows: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows . . ." It will be observed that

this section is not concerned with defining crimes or attempts to commit crimes, but merely with the punishment of attempts to commit them. The argument of counsel is that the defendant, not having, according to the verdict of the jury, succeeded in committing the crime charged, and the acts of which she was found guilty constituting, as he claims, a substantive crime punishable as such, no punishment can be meted out to her under the verdict of the jury, which designates her offense as an "attempt." It is pointed out that the statute defining pandering enumerates a series of a dozen or more acts any one of which may constitute the crime; and he asserts that it is impossible to fail in the attempt to commit one of those acts without succeeding in committing another of them; that consequently, if the jury returns a verdict of attempting to commit one of them, the defendant cannot be punished under such verdict because the acts performed by the defendant in the abortive attempt themselves constitute a substantive crime for which a punishment is specifically provided by law.

This contention of counsel rests upon two assumptions, with neither of which can we agree: 1. That an act performed in the attempt to commit the crime of pandering in one of the methods described in the statute, is exactly covered by another of such methods, and can be prosecuted and punished by charging such act alone; and 2. That even if an act done in an attempt to commit a given crime should incidentally elsewhere in the Penal Code be made itself a substantive offense, it cannot be punished as an attempt to commit the given crime.

We think that the language of section 664, "where no provision is made by law for the punishment of such attempts," applies exclusively and must be confined to "attempts" designated by the statute as such; and does not refer generally to acts done in the attempt to commit one crime and which, if done without relation to the offense, might be separately punished. For instance, in an attempt to commit burglary a door or window is fractured. Such damage to property might, separately considered, come within the definition of malicious mischief; but the offender convicted of an attempt to commit burglary where burglary was charged would not be heard to say that he could not be pun-

ished for such attempt because his fracture of the door or window was itself an offense punishable by law. And so in the present case, though the acts committed by the defendant might possibly bring her within another description of the offense of pandering, yet being done in an attempt to commit the particular act charged in the information, she cannot object to having her offense punished as an attempt.

What we have said on this question disposes also of the defendant's objection to the court's charge to the jury on that subject.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.