# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32236

STATE OF IDAHO,

  Plaintiff-Respondent,

v.

TAYA HOPE GRAZIAN aka MAXINE GRAZIAN,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, November 2006 Term

2007 Opinion No. 67

Filed: May 1, 2007

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Honorable Michael R. McLaughlin, District Judge.

The decision of the district court is <u>affirmed</u>.

Gordon Law Offices, Chartered, Boise, for appellant. Philip H. Gordon argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

SCHROEDER, Chief Justice.

Taya Hope Grazian was convicted of three counts of attempted procurement of prostitution and two counts of procurement of prostitution. The Court of Appeals reversed the decision in part and affirmed the decision in part. This Court granted review.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Grazian was the manager of Aanuu Ecstacy an adult entertainment business in Boise which operated as a referral center where customers would call Aanuu and describe the type of woman they wished to see. Aanuu put the customer in contact with an entertainer who negotiated the cost and length of the show with the customer. The show could include a striptease, "masturbation show," or sensual massage. Aanuu received a referral fee for each

show with the amount of the fee dependent upon the length of the show or massage. The entertainer could also offer a "tip session" to the customer. During these tip sessions, illegal sexual contact would sometimes occur. Aanuu was not informed as to the occurrence of a tip session and it did not affect the fee which Aanuu received.

After receiving an anonymous tip that Aanuu was promoting prostitution, a detective called and arranged to meet one of Aanuu's entertainers at a motel. Due to events which occurred at the motel the entertainer was charged with prostitution. As part of the investigation undercover detectives applied to work for Aanuu while wearing wires. The interviews included Grazian's description of how Aanuu was operated and the services which were offered.

A grand jury indicted Grazian on three counts of attempted procurement of prostitution. A few weeks later another grand jury indicted her on three counts of procurement of prostitution. The two cases were consolidated by the district court. Following trial the jury found Grazian guilty of all charges with the exception of one of the charges of procurement of prostitution charge. She appealed. The Court of Appeals reversed in part, holding that attempted procurement was a crime in Idaho, but that the prosecution did not prove Grazian took substantial steps in furtherance of attempted procurement of prostitution. The Court of Appeals affirmed the conviction for procurement of prostitution holding that the evidentiary rulings were proper, that joining the two sets of charges was proper, and that her sentence did not constitute cruel and unusual punishment. Both parties sought and received review by this Court.

## II.
## STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court acts as though it is hearing the matter on direct appeal from the decision of the trial court; however, this Court does give serious consideration to the decision of the Court of Appeals. *State v. Young,* 138 Idaho 370, 372, 64 P.3d 296, 298 (2002).

Statutory interpretation is a question of law over which this Court exercises free review. *McLean v. Maverik Country Stores, Inc.,* 142 Idaho 810, 813, 135 P.3d 756, 759 (2006). For factual issues relating to a jury conviction the standard of review is whether, when viewing evidence in the light most favorable to the state, there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Young,* 138 Idaho at 372, 64 P.3d at 298. The Court exercises free review of

2

constitutional issues as they are purely questions of law. *Meisner v. Potlatch Corp.,* 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). The Court gives deference to the trial court's decisions regarding the admission of evidence and reverses only upon a showing of abuse of discretion. *City of McCall v. Seubert,* 142 Idaho 580, 586-87, 130 P.3d 1118, 1124-25 (2006).

## III.
## THE ATTEMPT STATUTE CAN BE COMBINED WITH THE PROCUREMENT OF PROSTITUTION STATUTE TO PROSECUTE AN INDIVIDUAL FOR THE ATTEMPTED PROCUREMENT OF PROSTITUTION

Grazian maintains that the 1994 repeal of attempt language in the procurement of prostitution statute, without reference to the general attempt statute, reveals the legislature's intent to eliminate attempted procurement of prostitution as a criminal offense. Statutory interpretation "must begin with the literal words of the statute" and these words "must be given their plain, usual, and ordinary meaning." *McLean,* 142 Idaho at 813, 135 P.3d at 759. The plain language is "always to be preferred to any curious, narrow hidden sense." *State v. Mercer,* 143 Idaho 108, 109, 138 P.3d 308, 309 (2006). "Unless the result is palpably absurd, this Court assumes that the legislature meant what is clearly stated in the statute." *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). When the language is plain and unambiguous, statutory interpretation is not necessary. *Hayden Lake Fire Protection Dist. v. Alcorn,* 141 Idaho 307, 312, 109 P.3d 161, 166 (2005). Statutory language may be plain even if the parties present different interpretations to the court; ambiguity only occurs where "reasonable minds might differ as to interpretations." *Id.*

The statutes at issue are the procurement of prostitution statute and the attempt statute. The section dealing with procurement of prostitution states:

> Any person who induces, compels, entices, or procures another person to engage in acts as a prostitute shall be guilty of a felony punishable by imprisonment for a period of not less than two (2) years nor more than twenty (20) years, or by a fine of not less than one thousand dollars ($1,000) nor more than fifty thousand dollars ($50,000), or by both such fine and imprisonment.

I.C. § 18-5602 (2006). The attempt statute states:

> Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts…

3

I.C. § 18-306 (2006).

Grazian was charged with attempted procurement of prostitution. She argues that because she could have been charged with solicitation of prostitution, a misdemeanor, the attempt statute does not allow the charge of attempted procurement since it limits the application to instances "where no provision is made by law for the punishment of such attempts." I.C. 18-306. However, the next section of the attempt chapter provides:

> The last two (2) sections do not protect a person who, in attempting unsuccessfully to commit a crime, accomplishes the commission of another and different crime, whether greater or less in guilt, from suffering the punishment prescribed by law for the crime committed.

I.C. § 18-307 (2006).

Procurement of prostitution is a different crime than prostitution. The chapter criminalizing prostitution includes separate provisions which criminalize many behaviors relating to prostitution such as trafficking prostitutes, accepting the earnings of a prostitute, harboring prostitutes, patronizing prostitutes and prostitution. The prostitution statute in I.C. § 18-5613 can be combined with the general solicitation statute in I.C. § 18-2001 and seemingly apply to the same behavior as procurement of prostitution. Solicitation is defined as soliciting, importuning, commanding, encouraging or requesting another to commit a crime. I.C. § 18-2001. However, the two underlying statutes apply to different crimes. The procurement of prostitution statute is meant to punish those who entice or compel others to act as a prostitute while the prostitution statute is meant to punish those who engage in acts of prostitution. These statutes carry different penalties, they are aimed at different actions, and they punish different types of offenders.

In *State v. Johnson,* 54 Idaho 431, 32 P.2d 1023 (1934), this Court cited *People v. Marks*, 142 P. 98, 24 Cal. App. 610 (1914). California's attempt statute mirrors Idaho's provision that a person who attempts to commit a crime but fails is punishable for attempt "where no provision is made by law for the punishment of such attempts." *Johnson*, 54 Idaho at 435-36, 32 P.2d at 1024-25 (citing *Marks*, 142 P. at 99, 24 Cal. App. at 613-14). The California court stated that the words of limitation applied exclusively and "must be confined to 'attempts' designated by the statute as such, and does not refer generally to acts done in the attempt to commit one crime, and which, if done without relation to the offense, might be separately punished." *Id.* The California

4

court discussed the fact that an attempted burglary where a door is broken could also come within the definition of malicious mischief, but someone convicted of attempted burglary could not use this as a defense by claiming that breaking the door or window was punishable by law. *Id.* Grazian makes a similar argument that because her actions made in the attempt to procure prostitution can be punished in another fashion, she cannot be charged with attempted procurement. The California court, relied on by this Court, rejected the argument as does this Court. When read with Section 18-307, the limitation language in the general attempt statute does not prevent the charge of attempted procurement of prostitution.

Grazian argues that the legislature intended to eliminate the crime of attempted procurement of prostitution when an amendment in 1994 removed attempt language from the section. Generally the amendment of a statute indicates an intent to change the statute's meaning. *Seward v. Pacific Hide & Fur Depot,* 138 Idaho 509, 512, 65 P.3d 531, 534 (2003). In this case, however, the legislature stated that its intent was "to streamline and update the chapter governing prostitution. Obsolete language is removed and archaic language replaced with modern terminology. … maximum fines are increased to $50,000." Statement of Purpose, 1994 Idaho Session Laws, Ch. 130, p. 291. Section 18-5602, prior to amendment, read:

> Anyone who shall place any person in the charge or custody of any other person for immoral purposes or in a house of prostitution or elsewhere with intent that he or she shall live a life of prostitution; or anyone who shall compel or shall induce, entice, or procure, or attempt to induce, entice or procure or compel any person to reside or with any other person for immoral purposes, or for the purposes of prostitution, or shall compel or attempt to induce, entice, procure or compel any such person to reside in a house of prostitution, or compel or attempt to induce, entice, procure or compel him or her to live a life of prostitution shall be guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two (2) years nor more than twenty (20) years, or by a fine of not less than one thousand dollars ($1000) nor more than five thousand dollars ($5000), or by both such fine and imprisonment.
>
> Anyone who shall induce, entice or procure, or attempt to induce, entice or procure any other person for the purpose of prostitution or concubinage, or for any other immoral purpose, or to enter any house of prostitution in this state, shall be deemed guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two (2) years nor more than twenty (20) years, or by a fine of not less than one thousand dollars ($1000) nor more than five thousand dollars ($5000), or by both such fine and imprisonment.

5

The amended version states:

> Any person who induces, compels, entices, or procures another person to engage in acts as a prostitute shall be guilty of a felony punishable by imprisonment for a period of not less than two (2) years nor more than twenty (20) years, or by a fine of not less than one thousand dollars ($1,000) nor more than fifty thousand dollars ($50,000), or by both such fine and imprisonment.

The legislature's stated reason for amendment was to streamline the language, not to remove the crime of attempted procurement.

This Court has rejected the argument that removal of attempt language necessarily abolishes the attempt as a crime. *Mercer,* 143 Idaho at 110, 138 P.3d at 310. In *Mercer,* a statutory amendment removed attempt language from the statute criminalizing intimidation of witnesses. The Court held that removal of the attempt language did not prevent prosecution for the crime of attempted intimidation of witnesses. The attempt language became unnecessary when the legislature added a new category of witnesses, those that the defendant "believes may be called" and are not. *Id*.

Grazian argues that attempted procurement cannot exist due to the nature of the crime. In instances it may be difficult to distinguish actions that meet the definition of attempted procurement of prostitution from those that meet the definition of procurement of prostitution. An act of procurement of prostitution requires intent to procure and an action of inducing, compelling, enticing, or procuring another to act as a prostitute. When combined with the attempt statute the intent remains unchanged, but the nature of the act changes in that it must be one of attempting to induce, compel, entice, or procure another to engage in acts as a prostitute.

The attempt statute can be combined with the procurement of prostitution statute in order to prosecute and convict an individual for attempted procurement of prostitution.

### IV.
### THERE WAS SUFFICIENT EVIDENCE TO CONVICT GRAZIAN OF ATTEMPTED PROCUREMENT OF PROSTITUTION

Grazian argues that the jury lacked sufficient evidence to find her guilty of attempted procurement of prostitution. The standard of review is whether, when viewing evidence in the light most favorable to the state, there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Young,* 138

6

Idaho at 372, 64 P.3d at 298. Where there is substantial evidence to support the jury's verdict it will not be disturbed on appeal. *State v. Clayton,* 101 Idaho 15, 16, 607 P.2d 1069, 1070 (1980).

Attempted procurement comes from the general attempt statute and the procurement of prostitution statute. An attempt consists of: "(1) an intent to do an act… which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." *State v. Otto,* 102 Idaho 250, 251, 629 P.2d 646, 647 (1981) (emphasis omitted). The underlying specific offense of procurement of prostitution occurs when someone "induces, compels, entices, or procures" another to act as a prostitute. I.C. § 18-5602. Attempted procurement of prostitution requires: (1) an intent to procure another to act as a prostitute; and (2) an act beyond mere preparation in furtherance of that intent. The disagreement in this case arises over whether Grazian's actions went beyond mere preparation.

Grazian relies on *Otto*, in which the Court held that the defendant's actions were merely preparatory and did not constitute attempted murder when he arranged to meet a hit man, agreed upon a price, and paid the initial payment. The Court, in a three-two split decision, concluded that Otto had not taken "any steps of perpetration in dangerous proximity to the commission of the offense planned." *Otto,* 102 Idaho at 255, 629 P.2d at 651. The dissenting opinions point out that Otto had taken every step required of him to bring about a murder, and if the hit man had not been an undercover agent the murder would have occurred. *Otto,* 102 Idaho at 256, 258, 629 P.2d at 652, 654. The abstract statement of the law in *Otto* is adequate, but the application of the law to the facts set forth in the opinion is not accepted by this Court. The analysis of the dissents is more persuasive.

In this case Grazian met with three undercover officers on three separate occasions. One of the meetings was cut short when the officer learned her wire was malfunctioning. Transcripts from the other two meetings show that Grazian discussed the business practices of Aanuu interspersed with personal stories and opinions. Grazian made the interviewers aware that illegal conduct was not uncommon in the business and she specifically admitted to violating the law by allowing customers to give her backrubs and directed her escorts not to check in at hotels as required by law. She described illegal activities that occurred during tip sessions while at the same time emphasizing that these were separate from the hourly sessions. She discussed the option of engaging in prostitution, noting that escorts could make a lot of money. Grazian also told the officers that working as an escort was "not for everybody." After the interviews none of

7

the officers was offered a job, assigned shifts, given referrals, or contacted later by Grazian. Clearly Grazian walked a line between describing the benefits of prostitution to potential escorts and an attempt to avoid open recruitment. There was sufficient evidence for the jury to determine that she stepped over the line and attempted to procure prostitutes.

## V.
## GRAZIAN'S SENTENCE DOES NOT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE IDAHO AND UNITED STATES CONSTITUTIONS

Grazian argues that the possible punishment for the crime and her specific punishment constitute cruel and unusual in violation of state and federal constitutions. She argues that the sentences are disproportionate to her conduct and that it is cruel and unusual punishment to impose felony sanctions for attempting to induce another person to commit a misdemeanor or to engage in conduct that has a misdemeanor penalty.

Grazian cites no specific authority for the proposition that it is cruel and unusual punishment to impose felony sanctions for attempting to induce conduct that would be a misdemeanor, and the Court is not aware of such authority in Idaho. However, the logic applied to California's statutory scheme is persuasive. California's statutes have classified pimping as a felony although other crimes related to prostitution are classified as misdemeanors. The federal court in California reasoned that the felony provision of the code "is designed to discourage prostitution by discouraging persons other than the prostitute from augmenting and expanding a prostitute's operation or increasing the available supply of prostitutes." *Allen v. Stratton*, 428 F.Supp.2d 1064, 1072 (C.D. Cal. 2006). Similarly, I.C. § 18-5602 is not aimed at prostitutes but those who induce, compel, entice, or procure others to act as prostitutes. The purpose and policy of the procurement of prostitution law is different from laws governing prostitution because it is aimed at those who are encouraging such offenses and attempting to corrupt others. While prostitution is the underlying crime, the crime of attempted procurement of prostitution may be sanctioned more severely because of the corrupting influence it may have and the potential for increasing the incidence of prostitution.

When reviewing a claim of cruel and unusual punishment the Court uses a proportionality analysis limited to cases which are "out of proportion to the gravity of the offense committed." *State v. Brown,* 121 Idaho 385, 394, 825 P.2d 482, 491 (1992). The Court

compares the crime committed and the sentence imposed to determine whether the sentence is grossly disproportionate. *State v. Robertson,* 130 Idaho 287, 289, 939 P.2d 863, 865 (Ct. App. 1997). This gross disproportionality test is equivalent to the standard under the Idaho Constitution which focuses on whether the punishment is so out of proportion to the gravity of the offense to shock the conscience of reasonable people. *Brown,* 121 Idaho at 394, 825 P.2d at 491. An "intra- and inter-jurisdictional" analysis is "appropriate only in the rare case" where the sentence is grossly disproportionate to the crime committed. *State v. Matteson,* 123 Idaho 622, 626, 851 P.2d 336, 340 (1993). Grazian was sentenced to a determinate term of two years to run concurrently with eight years indeterminate on each conviction of procurement of prostitution. This is not a grossly disproportionate sentence on the facts in this case and does not shock the conscience of reasonable people. Grazian's sentence was not cruel and unusual.

## VI.
## THE QUESTION OF PROSECUTORIAL MISCONDUCT IN THE PRESENTATION OF THREE ATTEMPTED PROCUREMENT OF PROSTUTION CHARGES TO THE GRAND JURY IS MOOT

Grazian asserts prosecutorial misconduct in the grand jury proceedings. One of the prosecutor's duties under Rule 6.2 of the Idaho Criminal Rules is to list the elements of each offense to the Grand Jury. The prosecutor failed to provide an iteration of key elements of the offenses charges, failed to advise the grand jury as to the existence of known exculpatory evidence, and failed to adduce probable cause.

Alleged errors in a grand jury proceeding will not be examined on appeal where the defendant has been found guilty following a fair trial. *State v. Mitchell,* 104 Idaho 493, 500, 660 P.2d 1336, 1343 (1983); *State v. Smith,* 135 Idaho 712, 716-17, 23 P.3d 786, 790-91 (Ct. App. 2001). Grazian received a fair trial.

## VII.
## GRAZIAN HAS NOT SHOWN REVERSIBLE ERROR IN EVIDENTIARY RULINGS

Grazian sought to introduce evidence from several people which the district court excluded as inadmissible hearsay. The district court also ruled that the testimony would constitute impermissible character evidence. Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *State v. Goodwin,* 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). Grazian does not allege that the district court erred in its decision that the

evidence was impermissible character evidence. Thus the rulings of the district court are affirmed.

Grazian also alleges that the district court erred when it did not grant her motion to limit the scope of cross-examination to procurement charges only. According to the Idaho Rules of Evidence Rule 611(b) cross examination should generally be limited to the subject matter of the direct examination, but in its discretion the court may allow inquiry into additional matters. When Grazian took the stand on her own behalf she waived the privilege against self-incrimination with regard to questions related to the subject matter of the testimony and matters which relate to the substantive issues. *State v. Hocker,* 115 Idaho 544, 548, 768 P.2d 807, 811 (Ct. App. 1989).

The court determined that the conversations Grazian had with undercover officers were relevant to the substantive issues and could be used for impeachment purposes. Grazian argues that this will allow "open-ended carte blanche" questioning of defendants; however, the district court's ruling was within the bounds of discretion granted in the rule. It does not create precedent that any questioning of defendants will be an "open-ended carte blanche," but merely shows that in its discretion the district court found the additional issues to be relevant and therefore permissible matters for cross-examination.

## VIII.
## GRAZIAN'S CASES WERE NOT IMPROPERLY JOINED

Grazian maintains she was prejudiced by having to go to trial on three substantive procurement charges in the same proceeding as the attempted procurement charges because the tape recordings could have been viewed as very damning when combined with testimony from persons admitting to having worked as prostitutes or patronizing prostitutes.

Grazian makes no citation to authority as required by Idaho Appellate Rule 35(a)(6) and has not preserved the issue for appellate review. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2 966, 970 (1996). In any event, offenses may be joined when they are "based on the same act or transactions connected together or constituting parts of a common scheme or plan." I.C.R. 8(a). Grazian's actions were all part of the common scheme or plan, that of managing Aanuu Ecstacy.

10

## IX.
## CONCLUSION

The judgments of conviction and sentence imposed by the district court are affirmed.


Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.