IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44152

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 769 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 7, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN A. URRESTI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. John Hawley, Magistrate.

Opinion of the district court, on intermediate appeal from the magistrate, affirming magistrate's decision denying motion to suppress, affirm.

The Cox Law Firm, PLLC; Edwina E. Wager, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John A. Urresti appeals from the district court's decision, on intermediate appeal, affirming the magistrate's denial of his motion to suppress. Urresti argues the magistrate court applied the incorrect legal standard in viewing the evidence. Urresti also argues he was unlawfully seized after he left the scene of the investigation because the officer had no reasonable suspicion to stop him. The State argues the district court reasonably interpreted the magistrate's statement and as interpreted, the magistrate's statement was a correct statement of the law. Additionally, the State argues because Urresti did not challenge the district court's alternative holding that the magistrate's error was harmless error, the district court's decision must be affirmed on this uncontested basis. On each issue, the court made alternative findings. First, the district court held the magistrate's error was harmless even if the magistrate articulated an incorrect legal standard in reviewing the evidence. Second, the district court held that the stop

1

was justified by the community caretaking function. Because Urresti fails to challenge each of the alternative holdings on each issue, we affirm the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers investigating an aggravated assault positioned their patrol vehicles on the street to block traffic from the investigation area. Some patrol vehicles had their hazard lights flashing while others did not. One officer observed Urresti attempting to drive his full size pickup truck between the patrol vehicles blocking the investigation area. The officer ran over to Urresti's vehicle and motioned for him to back up. After Urresti slowly backed up, the officer motioned with his flashlight for Urresti to stop. The officer testified he wanted to contact Urresti "because I needed to find out, first off, why he's driving into our investigation; second off, I might need to direct him somewhere else. . . ." The officer approached the driver's side of the pickup and when Urresti rolled down his window, the officer detected an odor of alcohol. The officer testified "Urresti appeared to be not responding as a person would if you were asking them a question or telling them something." Because of the odor of alcohol and Urresti's response, the officer suspected Urresti was intoxicated. The officer administered a breathalyzer test, which returned results of 0.250 and 0.242.

The State charged Urresti with driving under the influence, Idaho Code Section 18-8005. Urresti filed a motion to suppress, alleging he was seized in violation of Article I, section 17 of the Idaho Constitution and the Fourth Amendment to the United States Constitution because the seizure was "not conducted pursuant to a valid warrant and was not otherwise reasonable." After a hearing, the magistrate denied the motion to suppress, explaining, "viewing, as I have to, the case [in] a light most favorable to the state, I think the officer did [have] the right, and perhaps even the duty, to discuss [what] the defendant was attempting to do." Urresti entered a conditional guilty plea, reserving his right to appeal the magistrate's denial of his motion to suppress.

The district court, on intermediate appeal, affirmed the magistrate's denial of Urresti's motion to suppress. The district court stated Urresti raised two issues on intermediate appeal: (1) the magistrate applied the wrong legal standard when analyzing the motion to suppress; and (2) the officer unlawfully seized Urresti. First, regarding Urresti's argument that the magistrate

erred because it applied the wrong standard, the district court affirmed the magistrate on two alternative grounds. The district court found:

> It is unclear what standard the magistrate was relying upon when he said he was viewing the evidence presented in a light favorable to the State. The State argues that the magistrate's comment meant that he "correctly noted [he] must evaluate the officer's judgment and perception of the facts as the officer is observing them at the time." The Court agrees that this is a reasonable interpretation of his comment and, as such, would be a correct legal statement.

(Citations omitted.) In the alternative, the district court held the magistrate's comment constituted harmless error. Second, regarding Urresti's argument that the officer unlawfully seized Urresti after he backed away from the investigation area, the district court again affirmed the magistrate on two alternative grounds. The district court found, "[t]he stop was justified by the fact that [Urresti] was driving his vehicle past a police roadblock into a crime investigation zone. *See* I.C. § 18-705 ('Resisting and Obstructing Officers.'). The stop was also justified by the police community caretaking function." Urresti timely appeals from the district court's decision.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

3

# III.

## ANALYSIS

**A.** **We Do Not Address Urresti's Claim That the Magistrate Applied the Incorrect Legal Standard Because Urresti Does Not Contest the District Court's Alternative Holding on Appeal**

On appeal, Urresti asserts the magistrate applied the incorrect legal standard in evaluating the evidence when it stated, "viewing, as I have to, the case [in] a light most favorable to the state, I think the officer did [have] the right, and perhaps even the duty, to discuss [what] the defendant was attempting to do." The State argues a reasonable interpretation of the magistrate's statement was that it evaluated the officer's judgment and perception of the facts as the officer observed them at the time. As such, the State contends this is a correct statement of the legal standard. Additionally, the State argues because Urresti did not challenge the district court's alternative holding that the magistrate's error was harmless error, the district court's decision must be affirmed on this unchallenged basis.

Even assuming the magistrate applied the incorrect legal standard, we need not address Urresti's claim on appeal because Urresti does not contest the district court's alternative holding. As stated above, the district court based its decision on two alternative grounds: (1) the magistrate applied the correct legal standard, and (2) even if the magistrate erred, it was harmless error. Urresti asserts in his opening brief that the magistrate applied the incorrect legal standard, but does not address the district court's alternative ruling that the magistrate's error was harmless error. Although Urresti contends in his reply brief that he implicitly challenged the harmless error holding by arguing the magistrate applied an improper legal standard, he provides no argument or authority for that proposition. Moreover, Idaho Appellate Rule 35(a)(4) requires an appellant to raise issues in the initial appellate brief. Issues raised for the first time in a reply brief are not considered. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *Morrison v. St. Luke's Regional Medical Center, Ltd.*, 160 Idaho 599, 609, 377 P.3d 1062, 1072 (2016) (quoting *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007)). Therefore, we affirm the district court on the uncontested basis of harmless error.

4

**B.      We Do Not Address Urresti's Claim That He Was Unlawfully Seized Because He Does Not Contest the District Court's Alternative Holding on Appeal**

On appeal, Urresti argues he was unlawfully seized when the officer stopped him after he obeyed the officer's order to leave the scene of the investigation.   Urresti asserts the facts here are analogous to those in *State v. Henderson*, 114 Idaho 293, 756 P.2d 1057 (1988).   Urresti acknowledges that the roadblock in this case has a different purpose than that in *Henderson*; nevertheless he argues the roadblock here has the same effect on drivers as the roadblock in *Henderson*.   The State argues because *Henderson* deals with a roadblock designed to detect and deter drunk driving, it is not applicable to a "crime scene cordon."

We need not address Urresti's claim on appeal because Urresti does not contest the district court's alternative holding.   As stated above, the district court based its decision on two alternative grounds:   (1) the stop was justified because Urresti was driving his vehicle past a police roadblock into a crime investigation zone, and (2) the stop was also justified by the police community caretaking function.   Urresti asserts in his opening brief that under *Henderson* the roadblock blocking traffic from the investigation zone was unconstitutional and that "any officer safety or evidence preservation issues that may have justified redirecting Mr. Urresti away from the investigation zone dissipated once Mr. Urresti had backed away from the scene."   However, Urresti does not address the district court's alternative ruling that the stop was justified under the community caretaking function.   Although Urresti contends in his reply brief that the stop was not justified by the community caretaking function, Idaho Appellate Rule 35(a)(4) requires an appellant to raise issues in the initial appellate brief.   Issues raised for the first time in a reply brief are not considered.   *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). As stated above, "[w]here a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis."   *Morrison v. St. Luke's Regional Medical Center, Ltd.*, 160 Idaho 599, 609, 377 P.3d 1062, 1072 (2016) (quoting *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007)).   Therefore, we affirm the district court on the uncontested basis that the stop was justified by the police community caretaking function.

## IV.

## CONCLUSION

Because Urresti does not contest the district court's alternative holding that the magistrate's error was harmless and does not contest the district court's alternative holding that the stop was justified by the community caretaking function, we affirm the district court's opinion on intermediate appeal, affirming the magistrate's decision denying Urresti's motion to suppress.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.