IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44399

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 458 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 3, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUAN ORTEGA MARTINEZ, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order granting motion in limine and judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Juan Ortega Martinez, Jr. appeals from his judgment of conviction for felony driving under the influence of alcohol. Martinez asserts the district court abused its discretion in granting the State's motion in limine to exclude evidence that he consumed alcohol after driving, but before his blood alcohol concentration was measured. The State argues the district court made alternative holdings and because Martinez failed to address one of the district court's holdings, this Court should affirm on the uncontested basis.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A witness called 911 to report Martinez speeding and running stop signs. The witness followed Martinez to a trailer court, but upon entering the trailer court, the witness lost sight of Martinez's vehicle. The witness was able to follow skid marks to where Martinez's vehicle was parked in the front yard of a house in the trailer court. Martinez exited the driver's side of the

1

vehicle and started yelling at the witness. The witness, still in his vehicle, started to drive away and Martinez went inside the house for approximately one minute. As Martinez re-emerged from the house, an officer arrived and witnessed Martinez throw a non-alcoholic energy drink at the witness's vehicle. The officer arrested Martinez.

After the officer read Martinez his *Miranda*[1] rights, Martinez refused to speak to the officer without an attorney present. The officer suspected Martinez was intoxicated because Martinez smelled of alcohol, his speech was slurred, and his eyes were glassy and bloodshot. When Martinez refused to take a breathalyzer test, the officer transported Martinez to jail and obtained a warrant for a blood sample. The blood draw occurred approximately two hours after the officer arrived at Martinez's house and revealed Martinez's blood alcohol level was .237. Martinez was charged with felony driving under the influence, second excessive within five years, Idaho Code §§ 18-8004C(2), -8005, and driving without a valid driver's license, I.C. § 49-301(1).

The State filed a motion in limine to exclude testimony that Martinez consumed alcohol after he had been driving, but before he was arrested, and that this alleged alcohol consumption affected the results of his blood alcohol content. The district court granted the State's motion in limine and made two alternative rulings. Relying on *State v. Tomlinson*, 159 Idaho 112, 357 P.3d 238 (Ct. App. 2015), the district court first held:

> So where the State is proceeding solely on the per se theory, the holding, I believe, in *Tomlinson* is consistent that the State can proceed on the blood test solely. And the relevant standard is simply the alcohol concentration as shown by an approved, properly-administered test of the driver's breath, blood or urine. As such, any testimony or evidence that the defendant had consumed alcohol between the driving and the administration of the test, I think, is not relevant. And any testimony relating to the inadequacies of the test would require expert testimony.

Martinez's counsel asked the district court: "I guess, Judge, if you could clarify for me so I know how to counsel him as far as--so you're saying, even if we had all the expert testimony in the world prepared, his testimony that he consumed alcohol subsequent to driving would not be allowed under *Tomlinson*?" The district court stated: "Under *Tomlinson*, the--what the State is required to prove is the alcohol concentration at the time the test was taken. And that is conclusive, not presumptive on the per se theory. That's correct. That's *Tomlinson*."

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Martinez's counsel then asked the district court to clarify its ruling, asking:

If the Court's saying you would allow Mr. Martinez to testify about intervening drinking if we had an expert, I would ask for a continuance to get that expert, especially given the reason this was first continued, that the State just didn't know about one of the officers being on vacation or something. So this has been continued one time. I get the last time I asked for a continuance, 'cause it was the day following a two-day trial I had with Your Honor. If that's the Court's ruling, that he would be allowed to testify about intervening consumption with the--with the appropriate expert, then I would ask for that continuance.

The district court made a second ruling when it responded:

Well, *my ruling is he could present testimony and evidence as to such intervening drinking.* But in order for that to have any relevance whatsoever, there has to be expert testimony. So I'm not going to preclude what he wants to offer as evidence, but you're not going to argue or, you know, this intervening drinking as blood alcohol level would have been lower. There's--unless you have an expert to support that.

(Emphasis added). Martinez moved for a continuance, which the district court denied. Martinez entered a conditional guilty plea to the charge of felony driving under the influence, second with an excessive blood alcohol concentration within five years, reserving his right to appeal the district court's order granting the State's motion in limine. The State dismissed the charge of driving without a valid driver's license. The district court sentenced Martinez to a unified five-year sentence, with two years determinate, and retained jurisdiction. Martinez timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Martinez argues the district court abused its discretion when it granted the State's motion in limine because evidence of consumption of alcohol after driving, but before the administration of a blood test, is relevant to whether Martinez was driving under the influence. The State argues because Martinez did not challenge the district court's alternative holding that Martinez

3

could present testimony and evidence of intervening drinking if he presented expert testimony, the district court's decision must be affirmed on this uncontested basis.

**A.**     **Martinez Has Failed to Establish a Justiciable Controversy Regarding His Consumption of Alcohol After Driving, But Before He Was Arrested**

Martinez did not present any evidence to the district court that Martinez drank alcohol after driving, but before the administration of the blood test.[2] As a result, the issue Martinez asks this Court to address relies on a hypothetical fact--that Martinez may have consumed alcohol after driving, but before the administration of the blood test. As a result, there is no justiciable controversy. This Court has explained that a justiciable controversy is:

> distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*State v. Philip Morris, Inc.*, 158 Idaho 874, 881, 354 P.3d 187, 194 (2015) (quoting *Davidson v. Wright*, 143 Idaho 616, 620, 151 P.3d 812, 816 (2006)). And, with no justiciable controversy, the issue is moot. An issue is moot if it "does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). This Court also has a duty to raise the issues of mootness sua sponte. *In re Doe I*, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008).

In the case at bar, during the preliminary hearing, the officer testified that he observed Martinez with a non-alcoholic energy drink and that Martinez refused to speak to the officer without an attorney present. The witness testified Martinez was in his home for approximately one minute. Martinez did not testify at the preliminary hearing.

On the morning of trial, the district court addressed the State's motion in limine to exclude testimony and evidence that Martinez consumed alcohol after he had been driving, but before he was arrested, and that this alleged alcohol consumption affected the results of his blood

---

[2] During Martinez's interview as part of the presentence investigation report, Martinez reported that after he went into his house, he drank more alcohol, and then went outside to smoke a cigarette. To the extent this statement qualifies as evidence, it was not presented to the district court at the motion in limine hearing. Thus, at the time the district court ruled on the motion in limine, no evidence was presented to establish Martinez consumed alcohol between the time Martinez entered the house and the time he was arrested.

alcohol content. The State attempted to alert Martinez to the lack of evidence regarding Martinez's intermediate drinking and stated: "My only concern, Your Honor, and this is really [defense counsel's] problem and not mine, is that factual record has not been developed sufficiently for an appeal." In response to the State's comment, Martinez's counsel quoted from the preliminary hearing transcript and stated:

> "Judge, my"--this is me reading the transcript. "Judge, my response is, as far as we know, he never saw--there's a lapse of time when Mr. Martinez might have been inside the house consuming alcohol. And so that alcohol might be what caused this to be excessive."

> So I'm just curious, the time frame from when he saw him--I'm trying to get the time frame when he might have been inside the house drinking to when the blood was drawn. Really, the argument--I guess I could make an offer of proof, but it's always been these people--the State's witnesses followed him. They called in 911. They follow him, get to his house. At prelim, the gentleman testified he saw my guy get out of the driver's seat, go inside the house, later on come out with a Red Bull can and throw it at them. There's the malicious injury to property. So there's that time that's always been--there's a time when you were out of view of any witness whatsoever, and there was alleged consumption of alcohol during that time. And no subsequent driving.

Thus, rather than make an offer of proof even though defense counsel had been alerted there was an insufficient factual record to support his argument, defense counsel declined to provide any evidence on the factual issue. As a result, the issue is not properly before this Court and we decline to address the issue.

**B.  We Need Not Address Martinez's Claim on Appeal Because Martinez Does Not Contest the District Court's Alternative Holding**

Even if Martinez preserved the above issue, Martinez does not contest the district court's alternative holding. "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *Morrison v. St. Luke's Regional Medical Center, Ltd.*, 160 Idaho 599, 609, 377 P.3d 1062, 1072 (2016) (quoting *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007)).

As stated above, the district court based its decision on two alternative grounds: (1) that testimony or evidence of Martinez's consumption of alcohol between driving and the administration of the blood alcohol test was not relevant; and (2) that testimony or evidence that consumption of alcohol after driving affected the results of Martinez's blood alcohol test was relevant only if Martinez presented expert testimony. In his opening brief, Martinez challenged

5

the district court's holding that the evidence of drinking after driving was not relevant; Martinez did not challenge the district court's alternative holding that evidence of drinking after driving was relevant if an expert witness testified. In his reply brief, Martinez argued there was no alternative holding because "the parties appeared to believe that, in stating it would permit some expert testimony, the district court was referring to expert testimony challenging the administration of the test itself, as it had referred to earlier in its ruling."

However, a careful reading of the district court's statement indicates otherwise. The district court stated:

> Well, *my ruling is he could present testimony and evidence as to such intervening drinking.* But in order for that to have any relevance whatsoever, there has to be expert testimony. So I'm not going to preclude what he wants to offer as evidence, but you're not going to argue or, you know, this intervening drinking as blood alcohol level would have been lower. There's--unless you have an expert to support that.

(Emphasis added). The district court's statement regarding the admissibility of evidence as long as there was expert testimony is contrary to the ruling the district court previously made when granting the motion in limine; as such, it constitutes a different and alternate ground for excluding the evidence. The district court's first ruling indicated that when the State is proceeding under a per se theory of driving under the influence, the defendant's consumption of alcohol between driving and the administration of the blood alcohol test is not relevant and any testimony relating to the inadequacies of the test would require expert testimony. The district court's second ruling indicated the expert testimony was to support an argument that drinking after driving affected Martinez's blood alcohol content at the time of the test, not that the administration of the test was faulty. Because Martinez did not challenge the district court's alternative ruling, we affirm the district court on the uncontested basis.[3]

## IV.

## CONCLUSION

Because Martinez failed to establish justiciable controversy regarding the issue of whether evidence of Martinez's drinking after driving, but before a blood alcohol test, is relevant to the charge of driving under the influence and because Martinez does not challenge the district

---

[3]    We do not address the district court's denial of Martinez's motion for a continuance because Martinez does not raise this as an issue on appeal.

court's alternative holding, we affirm the district court's order granting the State's motion in limine and judgment of conviction.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.